Peter C. Partnow, ABA No. 7206029
D. Michael Reilly, Pro Hac Vice
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: (907) 264-3317
Facsimile: (907) 276-2631
Email: PartnowP@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| David Ah You,<br><br>       Plaintiff,<br><br>v.<br><br>The Home Depot USA, Inc.,<br><br>       Defendant. | Case No. 3:12-cv-00172-HRH<br><br>**ANSWER TO COMPLAINT** |

Defendant The Home Depot USA, Inc. (Home Depot), by and through counsel of record, Lane Powell LLC, answer Plaintiff's complaint as follows:

1. Defendant admits the allegations.
2. Defendant admits that The Home Depot U.S.A., Inc. is a Delaware Corporation with its principal place of business in Georgia, and authorized to do business in the State of Alaska. Except as so admitted, the remaining allegations are denied.
3. Defendant admits that Plaintiff was employed by Defendant at various locations since 2001 and that he was terminated from employment on or about July 26, 2010.
4. The allegations of paragraph 4 are legal conclusions for which no responsive pleading is necessary and in an abundance of caution the allegations are otherwise denied.

## FIRST CLAIM FOR RELIEF

5. Defendant realleges responses to paragraphs 1 through 4.
6. Denied.
7. Denied.
8. Denied.
9. Defendant admits that Defendant checked surveillance video to review if video reflected activities on in Aisles 30, 31, and 32 on July 22, 2010. Defendant denies the remaining allegations.
10. Defendant admits that management had the authority to supervise Plaintiff's employment and to discipline Plaintiff as necessary. The remaining allegations of paragraph 10 are denied.
11. Defendant admits that Plaintiff was terminated from employment on or about July 26, 2010 for major safety code violations. Defendant lacks information sufficient to form a belief as to economic consequences of Plaintiff's termination may have been, which allegations are therefore denied. The remaining allegations of paragraph 11 are denied.
12. Denied.

## SECOND CLAIM FOR RELIEF

13. Defendant incorporates responses to Paragraphs 1 through 12.
14. Denied.
15. Denied

## THIRD CLAIM FOR RELIEF

16. Defendant incorporates the responses to Paragraphs 1 through 15.
17. Denied.
18. Denied.
19. Denied

## FOURTH CLAIM FOR RELIEF

20. Defendant incorporates responses to Paragraphs 1 through 19.

21. Denied.

22. Denied.

23. Denied

## FIFTH CLAIM FOR RELIEF

24. Defendant incorporates responses to Paragraphs 1 through 23.

25. Denied.

26. Denied.

27. Any allegations not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses, Defendant states as follows:

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's injuries, if any, were caused, in whole or in part, by Plaintiff's own improper conduct.

3. All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory and reasonable business reasons.

4. If any improper, illegal, or discriminatory act was taken by any Home Depot employees against Plaintiff, which such acts are specifically denied, it was outside the course and scope of that employee's employment, contrary to Home Depot's policies, and was not ratified, confirmed, or approved by Home Depot. Thus, any such actions cannot be attributed or imputed to Home Depot.

5. Plaintiff was an at-will employee subject to termination at Defendant's sole discretion.

6. There is no proximate causation between any alleged act or alleged breach of duty by Defendant and Plaintiff's claimed injuries.

7. The alleged conduct by Defendant is covered by a good faith qualified privilege which bars Plaintiff's claims.

8. All employment decisions regarding or affecting Plaintiff were made in good faith, and without malice or reckless indifference to Plaintiff's federally or state protected rights.

9. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize the alleged damages, if any.

10. Defendant is entitled to offset, against any claims for lost wages, any amounts that plaintiff earned or received, or by the exercise of reasonable diligence would have earned or received, during the period since termination of his employment.

11. Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

12. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, laches, acquiescence, bad faith, unclean hands, consent, agreement, offset, payment, release, statute(s) of limitation, and other equitable defenses.

13. With respect to some or all of Plaintiff's claims, Plaintiff failed to exhaust administrative remedies.

14. Plaintiff's claims are barred in whole or in part by applicable statute(s) of limitation.

15. Defendant did not have actual or constructive knowledge of any of the alleged discriminatory or wrong acts alleged in the Complaint at any time material to the Complaint.

16. If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

17. Plaintiff unreasonably failed to make use of Defendant's complaint procedures and open door policy.

18. Defendant acted in good faith with reasonable grounds to believe its actions were not in violation of any applicable statutes or the covenant of good faith and fair dealing, and therefore Defendant is not liable for any liquidated or punitive damages.

19. Defendant did not negligently or intentionally engage in conduct toward Plaintiff or otherwise cause Plaintiff to suffer emotional distress.

20. Any such emotional distress as Plaintiff may have suffered was not so intense or of such duration that no ordinary person should be expected to have endured it.

21. Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

22. Some or all of Plaintiff's claims are barred because Plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

23. Defendant reserves the right to add additional affirmative defenses as may be discovered through future discovery.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, and having set forth its affirmative defenses, Defendant prays for relief as follows:

1. That Plaintiff's complaint be dismissed, with prejudice;
2. That Defendant be awarded its costs, including reasonable attorney's fees, incurred in the defense of this action; and
3. For such further relief as this Court deems equitable and just.

DATED this 6th day of September, 2012.

LANE POWELL LLC
Attorneys for Defendant

By  s/ Peter C. Partnow
ABA 7206029

I certify that on September 6, 2012, a copy of the foregoing was served by ECF on:

Hugh W. Fleischer, hfleisch@aol.com

  s/ Peter C. Partnow
106666.1041/5466296.1